IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERTA WATTS, MOTHER AND NEXT OF KIN OF KALOB WATTS, DECEASED. | ) ) ) Case No.: 4:24-cv-1475 |
| Plaintiff, | ) JURY TRIAL DEMANDED ) ) |
| vs. | ) ) |
| SCOTT LAHAY, Individually and In His Official Capacity; and CITY OF BISMARCK, | ) ) ) ) ) |
| Defendants. | ) |

## MOTION TO INTERVENE AND SUGGESTIONS IN SUPPORT

COME[S] NOW Franklin Watts, Movant, by and through counsel, The Chapel Law Group, and moves to intervene in this matter for Roberta Watts v. Scott LaHay and City of Bismarck, Case number 4:24-cv-1475, for the limited purpose of protecting his rights and interests as a Class One beneficiary in the wrongful death action arising from the death of Kalob Watts. In support of this motion, the Movant respectfully states as follows:

1. Movant should be allowed to intervene as a matter of right pursuant to Missouri Supreme Court Rule 52.12(a) and permissibly pursuant to Missouri Supreme Court Rule 52.12(b).

2. Movant is entitled to intervene as of right under Rule 52.12(a)(1) in that a Missouri statute, because Missouri Revised Statue § 537.080 confers an unconditional right to intervene in this case. This statute designates the decedent's parents as Class One beneficiaries in wrongful death actions, with a right to bring a suit or to intervene when another Class One beneficiary brings suit.

1

3. Specifically, Franklin Watts is the natural father of the decedent, Kalob Watts. As a Class One beneficiary under § 537.080, he possesses standing to pursue this wrongful death action, regardless of whether the mother has already initiated the proceedings. Roberta Watts's filing of the action does not preclude Franklin Watts' right to intervene to protect his interests in the recovery of damages. The disposition of the action may impair or impede his ability to protect his interest in receiving an equitable share of any settlement or judgment.

4. Movant should be allowed to intervene under Rule 52.12(b)(2) in that his claim for damages and the main action have questions of law and fact in common. Specifically, both claims arise from the same wrongful death, involve the same defendant(s), and necessitate similar evidence of the decedent's death, damages, and the defendant's liability.

5. Movant should be allowed to intervene to ensure that his interests as a Class One beneficiary are fully considered in the apportionment of damages. The Movant intends to participate in all aspects of the litigation, including discover, settlement negotiations, and trial, if necessary, to advocate for a fair and equitable share of the recovery. He wishes to contest any unequal apportionment based solely on the quality of his relationship with the deceased as opposed to his statutorily conferred rights.

6. A proposed Petition in Intervention is attached to this Motion, in accordance with Missouri Supreme Court Rule 52.12(c).

WHEREFORE, the Movant respectfully requests an order of this Court grating this Limited Motion to Intervene, and authorizing Movant to file the Petition in Intervention. The Movant requests such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

__/s/Nimrod T. Chapel, Jr.__
Nimrod T. Chapel, Jr. #46875
The Chapel Law Group, LLC
311 W Dunklin
Jefferson City, MO 65101
Telephone: (573) 303-0405
Facsimile: (573) 303-9709
Email: nimrod@chapellaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Nimrod Chapel, Jr.*